IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PHILIP JAY BERG, | ) |
| Appellant, | ) |
| v. | ) No.: 2-09-cv-02803-CMR |
| UNITED STATES OF AMERICA, | ) |
| Appellee. | ) |

RESPONDENT'S BRIEF IN SUPPORT OF DISMISSAL
FOR FAILURE TO FILE A TIMELY APPELLATE BRIEF

Appellant Philip Jay Berg filed this bankruptcy appeal on June 22, 2010. He was required, pursuant to Bankruptcy Rule 8009(a) to file a brief within ten (10) days. Appellant filed his brief on March 8, 2010, over nine months late. Appellant is an attorney proceeding pro se, and provides no valid justification for his failure to prosecute his appeal. Accordingly, Appellant's case should be dismissed for failure to prosecute based on an analysis of the Poulis factors. See Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3rd Cir. 1984).

**Statement of Facts**

On July 9, 2008, Appellant filed an objection to the Government's claim in the underlying bankruptcy case, In re Berg, 05-39380 (E.D. Pa. Bankr.). An evidentiary hearing was held on January 28, 2009, and the parties briefed the merits for the bankruptcy court. The bankruptcy court entered a memorandum opinion in favor of the Government, and overruling Appellant's objection, on April 1, 2009. Appellant's time to appeal expired on April 11, 2009. On May 1, 2009, Appellant filed a motion for extension of time to file an appeal and simultaneously filed a copy of his notice of appeal. The court granted the motion for an extension of time as unopposed [DE #496], and the

appeal was filed with this court on June 22, 2009. Appellant's brief was due on July 6, 2009. Counsel for Appellant withdrew from the bankruptcy case on July 8, 2009, and a supplemental certificate of appeal was filed with this court on July 9, 2009.

No further action was taken on this matter until the court entered, on March 4, 2009, an Order to Show Cause (OTSC) why the appeal should not be dismissed for failure to prosecute and/or file an appellate brief. On March 8, 2009, Appellant filed a response to the OTSC along with his brief on appeal.[1]

## Analysis of Poulis Factors

There are six factors to consider under Poulis to determine whether to dismiss a case for failure to meet deadlines:

1. Extent of Party's Personal Responsibility. The Appellant is an attorney pursuing his own appeal. He bears full responsibility for his failure to prosecute. See Orr v. Buccolo (In re Buccolo), 308 Fed Appx. 574, 575 (3rd Cir. 2009) ("Buccolo proceeded pro se, the responsibility for any failure to prosecute falls on him."). In addition, the Appellant's effort to obscure the reasons for his

---

[1] The United States failed to file a brief in response to the OTSC or appear at the March 15, 2010, hearing because it did not receive notice of the court's order. The undersigned Trial Attorney took this case over from a retiring colleague in the summer of 2009. In late July, 2009, the undersigned prepared two separate notices of appearance: one for the underlying bankruptcy case and another for this case. On July 27, 2009, the undersigned filed a notice of appearance in the bankruptcy case. Unfortunately, the undersigned inadvertently neglected to enter a notice of appearance with the district court. In addition, it appears that the Appellant has not listed the United States as a party, as the United States is not listed as a party on the PACER docket. Neither the undersigned nor any unit of the federal government, excepting the U.S. Trustee, is listed in the certificate of service attached to either Appellant's response to the OTSC [DE #4] or the Appellant's brief [DE #5]. The first notice the United States received was in the form of two emails sent after close of business on March 15, 2010, by Appellant's law office to the undersigned. The emails had attached to them Appellant's brief, response to the OTSC, and appendix. The undersigned Trial Attorney regrets the oversight, but had no notice of the events of this case.

failure to prosecute his appeal, by citing without declaration or supporting evidence to certain medical problems that, by his own timeline, arose after his appeal brief had already become untimely, should be rejected.

2.      Prejudice to the Adversary. The United States is prejudiced by the Appellant's extreme delay in failing to prosecute the appeal because it prolongs the bankruptcy proceeding. Id. At 575.

3.      History of Dilatoriness. The Appellant filed his notice of appeal out of time. In seeking an extension of time from the Bankruptcy Court, he represented that he was inexperienced in using the Federal Rules of Bankruptcy Procedure. See [DE# 484], No. 05-39380-bif, 05/01/09 (EDPA Bankr.). His failure to prosecute his appeal for 9 months shows extreme dilatoriness, as well as a failure to review the applicable rules after his first mistake. In addition, Appellant's own attorney was apparently forced to withdraw from the bankruptcy proceeding because the Appellant did not communicate with him regarding interim distributions or pay him in a timely fashion. See [DE# 508] 05-39380-bjf, July 7, 2008 (EDPA Bankr.).

4.      Whether the Conduct of the Party was Willful or in Bad Faith. The conduct was willful, as the Appellant is an attorney himself and was proceeding pro se and was certainly well aware of his filing obligations. Moreover, the Appellant does not contend that his conduct was not willful.

5.      The Effectiveness of Sanctions Other Than Dismissal. Given all of the factors, no sanction other than dismissal is appropriate.

6.      Meritoriousness of the Claims. The Appellant's claims are not meritorious. The Appellant is appealing a well-reasoned 23-page memorandum opinion, and offers no new, persuasive arguments for his appeal. In addition, the appellant makes spurious claims regarding the procedures the IRS allegedly failed to file in the assessment process. See pgs. 16-17 of Appellant's Brief.

Courts have recognized that the Form 4340, which the IRS submitted in this case, establishes the United States' prima facie case of tax liability. See, e.g., United States v. Chila, 871 F.2d 1015 (11th Cir.). Moreover, as the Bankruptcy Court correctly noted, the Appellant never provided documentation to substantiate the tax deductions that he claimed, and "his only evidence in support of the deductions is his vague and conclusory testimony that they were 'very appropriate.'" (Bankr. Memo. Opinion, pgs 77-9, 16-17). Accordingly, there is nothing to be gained by allowing the Appellant to pursue this appeal which he himself neglected for nearly a year to prosecute.

DATE: March 17, 2010                               Respectfully submitted,

                                                        MICHAEL L. LEVY
                                                        United States Attorney

                                                       /s/ Robert J. Gallagher
                                                       ROBERT J. GALLAGHER
                                                       Trial Attorney, Tax Division
                                                       U.S. Department of Justice
                                                       Post Office Box 227
                                                       Ben Franklin Station
                                                       Washington, DC 20044
                                                       Telephone: (202) 616-8994
                                                       Facsimile: (202) 514-6866
                                                       Email: Robert.J.Gallagher@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED, that a copy of the foregoing UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF DISMISSAL, was served, on March 17, 2010, electronically, via ECF, on:

>PHILIP JAY BERG
>555 ANDORA GLEN COURT
>SUITE 12
>LAFAYETTE HILL, PA 19444
>PRO SE
>
>SAMUEL H. ISRAEL
>FOX, ROTHSCHILD, O'BRIEN & FRANKEL
>2000 MARKET ST. 10TH FL.
>PHILADELPHIA, PA 19103-3291
>215-299-2000
>Fax: 215-299-2150
>Email: sisrael@foxrothschild.com
>
>GEORGE M. CONWAY
>OFFICE OF THE U.S. TRUSTEE
>SUITE 500
>833 CHESTNUT STREET
>PHILADELPHIA, PA 19107
>215-597-4411
>Email: george.m.conway@usdoj.gov

And by First Class U.S. Mail, postage prepaid, on:

>TERRY P. DERSHAW
>CHAPTER 7 TRUSTEE
>BOX 556
>WARMINSTER, PA 18974
>PRO SE
>
>EDWARD DIDONATO
>2000 MARKET ST., 10TH FLR.
>PHILADELPHIA, PA 19103
>LEAD ATTORNEY
>ATTORNEY TO BE NOTICED

PRINCE ALTEE THOMAS
FOX, ROTHSCHILD, O'BRIEN & FRANKEL
2000 MARKET STREET
TENTH FLOOR
PHILA, PA 19103-3291
TEL 215-299-2000

DAVE ADAMS
UNITED STATES TRUSTEE
833 CHESTNUT STREET
SUITE 500
PHILADELPHIA, PA 19107

  /s/ Robert J. Gallagher
*Counsel for the United States*